21,415-11

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 04 2015

Abel Acosta, Clerk

CAUSE NO. D-1-DC-85-077322-G

Date 1-29-15

Darnell Delk

Vs

The State of Texas

§
§  In the ~~First~~ Court of
§  Criminal Appeal ~~First~~
§  third Judical district ~~District Court of Texas~~
§  ~~County, Texas~~

In Re D-1-DC-85-077322-G

Motion of Objection
to the State Finding of
Facts, and Recommendation

Comes now Darnell Delk, Appellant, to make this here objection because the trial court is misleading your court by mistrueing Appellant issues, and will show the court the following.

1. That the Appellant is not arguing that Section § 4 should not apply, but that Section § 4 (C) should not apply, because his last application D-1-DC-85-077322-F that was filed on or about May of 2013, by the District Clerk, and WR-21.415-10 that was filed in your Court on 11-1-2013 was improperly denied by Section § 4 (C), because Applicant is not arguing a factual un-availability.

2. This claim is brought under the new Supreme Court (S.Ct.) ruling of Martinez vs Ryan 132 S.Ct. 1309 (2012) and Trevino vs Thaler 2013 U.S. Lexis 3980 (2013), which states that "A Procedural default will not bar a federal court from hearing a substantial claim of ineffective Assistance of Counsel on the first initial review collateral proceeding, if there was no counsel or counsel in that proceeding was ineffective.

3. And arguing Ex Parte Barber 879 S.W.2d 889 (TEX.Cr.App. 1994) Headnote 5, which states that a good cause exists for hearing second Writ of Habeas Corpus, where first Writ raises issue, that through no fault of Applicant's own is not adjudicated.

## Conclusion/Prayer

The State is still not addressing the claim and is ignoring the new ruling of the Supreme Court. Petitioner prays this court will address the merits of Applicant 11.07 Habeas Corpus.

Respectfully submitted,

Darnell Delk #399832
Ellis Unit
1697 FM 980
Huntsville, TX 77343

Pg 2 OF 2